UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
PATRICE BISHOP-FOSTER,                  )
                                        )   Case No. C07–520RSL
             Plaintiff,                 )
                                        )
     v.                                 )
                                        )   ORDER DENYING ALLIANCE
ALLIANCE ONE RECEIVABLES                )   ONE'S MOTION FOR SUMMARY
MANAGEMENTS, INC., *et al.*,            )   JUDGMENT
                                        )
             Defendants.                )
_____)

This matter comes before the Court on defendant Alliance One Receivables Management, Inc.'s motion for summary judgment. Dkt. # 11. Defendant asserts that plaintiff's claim under Section 1681s-2(b) of the Fair Credit Reporting Act fails because defendant conducted a reasonable investigation following notice of the dispute and because plaintiff has failed to prove any damages. Defendant also asserts that plaintiff's state law claims of defamation, invasion of privacy, and negligence are preempted.

Having reviewed the motion, plaintiff's response, and Alliance One's reply,[1] the Court finds as follows:

---

[1] The surreplies filed on November 30, 2007 (Dkt. # 27), and December 17, 2007 (Dkt. # 28) were not authorized by local rule or court order. The Court has not, therefore, considered these documents.

ORDER DENYING ALLIANCE ONE'S
MOTION FOR SUMMARY JUDGMENT

(1) Pursuant to Fed. R. Civ. P. 56(f), the Court may deny or continue a pending summary judgment motion if "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Where a motion for summary judgment is filed so early in the case that the opposing "party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington N. Sante Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). The party requesting a continuance "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).

(2) For many months, plaintiff's credit report contained inaccurate information. Plaintiff has alleged that she suffered emotional and financial damages as a result of the false credit report. Whether the false information was generated by Alliance One and/or whether Alliance One had a duty, given the facts of this case, to correct the report cannot be ascertained from the existing record. Despite hurried efforts to obtain discovery prior to responding to this motion for summary judgment, plaintiff has been unable to reconstruct the trail of communications between King County, Alliance One, herself, and Trans Union. Orderly discovery from defendants and third parties (including e-OSCAR and King County) may provide the information necessary to determine how plaintiff's name became associated with this debt and whether Alliance One's response to the consumer dispute verification form was reasonable. A continuance of defendant's summary judgment motion will also provide plaintiff an opportunity to collect admissible evidence from potential creditors and/or credit experts in support of her damage claim.

(3) This action was initiated in April 2007, and plaintiff moved to join Trans Union as an additional party in August of the same year. Alliance One rushed to file its motion for summary judgment despite the fact that Trans Union had not yet appeared or answered plaintiff's

ORDER DENYING ALLIANCE ONE'S
MOTION FOR SUMMARY JUDGMENT            -2-

amended complaint. Contrary to Alliance One's assertion, plaintiff's inability to complete discovery on defendant's schedule does not mean that she has been dilatory or has otherwise "failed diligently to pursue discovery in the past." Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995).

(4) Plaintiff acknowledges that her state law claims will survive only if she can show that Alliance One provided false information to Trans Union with malice or willful intent to injure plaintiff. Whether a reasonable factfinder could infer willfulness or malice from Alliance One's conduct in this case cannot be determined until discovery is complete.

(5) In its reply memorandum, defendant moved to strike third-party statements recounted by plaintiff in her declaration, as well as plaintiff's summary of her and her mother's credit reports. This testimony was considered not for the truth of the matters asserted but as evidence regarding why plaintiff stopped seeking credit, what types of discovery may be necessary, and plaintiff's emotional/mental state throughout this dispute. Defendant's motion to strike is denied.

Because the lion's share of the discovery has yet to occur, any subsequent motions for summary judgment will likely rely on different documents, testimony, and arguments. Alliance One's motion for summary judgment is therefore DENIED without prejudice to refile after the close of discovery.

Dated this 7th day of January, 2008.

Robert S. Lasnik
United States District Judge

ORDER DENYING ALLIANCE ONE'S
MOTION FOR SUMMARY JUDGMENT         -3-